DECISION AND JUDGMENT ENTRY
Alan and Susan Runyon appeal the Lawrence County Court of Common Pleas' judgment extinguishing their easement across Garold and Lois Herrell's farm. The Runyons assert that the trial court erred as a matter of law by applying the doctrine of adverse possession to the extinguishment of an easement. Because Ohio law provides that easements may be extinguished by adverse possession, we disagree. The Runyons also assert that the trial court's finding that the Herrells' established each element of adverse possession is against the manifest weight of the evidence. Because the record contains competent, credible evidence supporting the trial court's finding, we disagree. Finally, the Runyons assert that the trial court erred by tacking the previous owner's use of the land to the Herrells' use of the land because it was not hostile and adverse. Because the Herrells established that the previous owner made open, notorious, exclusive, adverse, hostile, and continuous use of the land, we find that the trial court did not err by tacking his use to the Herrells' use. Accordingly, we affirm the judgment of the trial court.
 I.
The Runyons own two adjoining tracts of land in Lawrence County. The Runyons' tracts are adjacent to the Herrells' property, which also consists of adjoining tracts of land in Lawrence County. The two tracts of land involved in the dispute in this case are a tract purchased by the Runyons in 1992 and an adjacent tract purchased by the Herrells in 1996. The Runyons' 1992 deed includes an easement from the road to the 1992 tract, described as a sixteen-foot right-of-way across the center of the Herrells' 1996 tract. The Herrells' deed to their 1996 tract also describes the sixteen-foot easement across the center of their land.
Neither the Runyons nor their predecessors in title used the easement as a right-of-way for a period of at least thirty years preceding the filing of the Herrells' complaint in April 1998. The Herrells' predecessor in title, Richard Payne, began farming the Herrells' tract of land, including the Runyons' easement area, in 1965. From 1965 until the 1996 transfer of title to the Herrells, Payne farmed the property, including the easement area, each year. Payne tilled, disked, fertilized, limed and replanted, on three-year rotations, hay and corn crops. During hay rotations, Payne cut the hay two to three times per year. During corn rotations, Payne replanted and harvested once each year. Upon taking possession in 1996, the Herrells began continuously farming the property, including easement area, with tobacco crops, cultivating, fertilizing and replanting each year.
The easement is the only direct route from the Runyons' 1992 tract to the road. However, the Runyons and their predecessors in title, for more than twenty-one years, instead have used a driveway that crosses along the side of the Herrells' 1996 tract and the Runyons' lower tract to access the Runyons' 1992 tract. Neither the Herrells' nor the Runyons' deeds establish an easement for this driveway.
In April 1998, the Herrells initiated an action for quiet title to the easement running across the center of their property. The Herrells also requested in their complaint that, in the interest of equity, the court award the Runyons an easement at the location of the driveway along the side of their 1996 tract, that driveway having been in use for access to both of the Runyons' tracts for a period of more than twenty-one years.
The parties presented their case to a magistrate. Garold Herrell, Alan Runyon, and Richard Payne all testified at the hearing. Additionally, several long-time residents of neighboring properties testified. Runyon testified that he walked along the easement on a few occasions. The remainder of the witnesses testified that they had not seen anyone use the easement for a period of more than thirty years, and that Payne continuously farmed the land until he sold it to Herrell. Finally, the testimony revealed that farming the land rendered it difficult, if not impossible, to cross the easement in a vehicle.
The magistrate awarded the Runyons an easement along the side of the Herrells' tract, in the location of the existing driveway, and extinguished the easement running through the center of the Herrells' tract. The Runyons filed objections to the magistrate's decision. The trial court overruled the Runyons' objections and adopted the magistrate's decision. The Runyons timely appealed, asserting the following assignments of error:
 I. The court erred in applying the general law of adverse possession to a case of an owner of a servient estate seeking to eliminate by adverse possession an easement across his estate.
 II. The court erred in finding that appellee and his predecessor had evidence of usage as open, adverse, notorious and hostile to appellants' interests.
 III. The court erred in allowing appellee to tack usage by a prior owner (to time of occupancy by appellee) when the prior owner stated his usage was not adverse to appellant.
 II.
In their first assignment of error, the Runyons assert that the trial court erred as a matter of law when it applied the law of adverse possession to the Herrells' claim. The Runyons contend that the doctrine of adverse possession does not apply to eliminate an express easement in favor of a servient estate. We review questions of law under the de novo standard of review.Howell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13.
It is a long-established rule that "[a]n easement may be extinguished by adverse possession." Szaraz v. Consolidated RR.Corp. (1983), 10 Ohio App.3d 89, 91. See, also, Cramer v. NewPhilidelphia Brewery (1945), 31 0.0. 369, 43 Ohio Law Abs. 599;Happ v. Dayton M.R. Co. (1903), 1 Ohio N.P.(N.S.) 337, 10 Ohio Dec. 172. A servient estate can assert adverse possession over an express easement by adversely, openly, exclusively, notoriously and continuously using the easement in a manner inconsistent with its use by the dominant estate. See Happ, supra; Pittsburg, Ft.Wayne Chicago Ry. Co. v. Canton (1895), 10 Ohio C.C. 414, 418.
Because the common law doctrine of adverse possession historically applies to the extinguishment of easements, we find that the trial court did not err by applying the doctrine of adverse possession to the Herrells' claim for quiet title in this case. Accordingly, we overrule the Runyons' first assignment of error.
 III.
In their second assignment of error, the Runyons assert that the trial court erred in finding that the Herrells and Payne used the easement in an open, adverse, notorious and hostile manner. Specifically, the Runyons assert that the trial court erred as a matter of law in defining the components of adverse possession and that the evidence presented by the Herrells does not support the trial court's finding.
The Supreme Court of Ohio has held that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. NorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting this review, an appellate court must not re-weigh the evidence or substitute its judgment for that of the trial court when there is competent, credible evidence supporting the trial court's findings of fact and conclusions of law. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. We defer to the findings of the trial court because the trial judge is able to view the witnesses and observe their demeanor, gestures and voice inflections, and may use these observations in weighing the credibility of the proffered testimony. Id.
We therefore must determine whether the record contains competent, credible evidence to support the trial court's finding that the Herrells are entitled to extinguish the easement by adverse possession. To prove a claim of adverse possession, the claimant must establish by a preponderance of the evidence that the possession of the land was open, notorious, exclusive, adverse, hostile, and continuous for more than twenty-one years. Demmitt v. McMillan (1984),16 Ohio App.3d 138, 140.
The party asserting title by adverse possession bears the burden of proving such possession. Thompson v. Hayslip (1991), 74 Ohio App.3d 829,832. We must decide each claim of adverse possession upon its particular facts. Thompson at 832. "This is necessary since a use which notifies an owner in one locale that another is asserting an adverse claim to his land, may not be a sufficient use to so notify an owner in another area." Id. at 833. The claimant must use the parcel as an owner would in order to put the owner on notice that he is asserting an adverse claim to the property. Id.
In Thompson, we found that the claimant demonstrated adverse possession where the claimant's predecessors cut hay on the disputed land two or three times per year, grew crops during certain years, and fertilized, limed and disked the land every five to ten years. The claimant and his predecessors performed these activities over a period of time exceeding twenty-one years. We therefore found that the claimants proved by a preponderance of the evidence that their activities were sufficiently hostile and adverse, as well as open, notorious, exclusive, and continuous, to support a finding of adverse possession.
In this case, the trial court adopted the magistrate's findings that the Herrells and their predecessors used, maintained, and occupied the easement for a period exceeding twenty-one years. Specifically, the trial court found that, beginning in the year 1965, Payne farmed the property each year, tilling, disking, fertilizing, liming and replanting on three-year rotations of hay and corn crops. During hay rotations, Payne cut two to three times per year. During corn rotations, Payne replanted and harvested once each year. The court also found that, upon taking possession in 1996, the Herrells began continuously farming the easement area with tobacco crops, cultivating, fertilizing and replanting each year. The trial court concluded that the Herrells and their predecessors, over a thirty-four year period, engaged in activities that were sufficiently hostile, adverse, open, notorious, exclusive and continuous to justify a finding of adverse possession.
The Runyons assert that farming land does not constitute "use" which may give rise to adverse possession. In Ohio, merely "cutting hay or gathering a natural crop or mowing grass or cutting weeds" does not constitute a "use" which may give rise to adverse possession. Oeltjen v. Akron Associated Investment Co.
(1958), 106 Ohio App. 128, 130. However, in this case, the Herrells and Payne did more than merely harvest a natural crop. The Herrells and Payne engaged in preparing the land and planting and rotating crops, the same activities considered sufficient to establish "use" in Thompson. As in Thompson, the trial court concluded that within Lawrence County, such a use puts an owner on notice that another is asserting an adverse claim. SeeThompson at 833. Therefore, the trial court did not err as a matter of law by treating farming as a form of "use" which may give rise to adverse possession. We further find that the record contains competent, credible evidence supporting the trial court's finding that the Herrells and Payne used the easement land in a manner sufficient to give rise to an adverse possession claim.
The Runyons next assert that farming cannot constitute "continuous" use, because farming activities necessarily cease during the winter months. However, like the farmers in Thompson, the Herrells and Payne used the property as an owner would, farming the land as far into the winter season as they could. Additionally, like the farmers in Thompson, the Herrells demonstrated that the farming activities took place at regular intervals over the years. Upon review, we find that the trial court did not err as a matter of law by concluding that a lapse of a few months in use, where the use occurs at regular intervals over time, does not preclude a finding that the use was "continuous." Additionally, we find that the record contains competent, credible evidence supporting the trial court's finding that the Herrells demonstrated continuous use of the easement.
The Runyons also assert that Payne's use of the easement was not hostile and adverse because Payne testified that he: (1) never blocked the easement, (2) had no intent to prevent anyone from using the easement, and (3) was not even aware of the exact location of the easement. Ohio courts have never held that an individual's intent is a critical component of hostile and adverse use. Rather, the court examines the activities of the user to determine whether the use is hostile and adverse. SeeStover v. Templeton (Mar. 11, 1996), Lawrence App. No. 95CA32, unreported, and Bierhup v. Leaco, Inc. (June 6, 1994), Scioto App. No. 930A2144, unreported, both citing Thompson, supra. Where an individual uses land as an owner would, or in a manner inconsistent with another's right to use the land, the use is hostile and adverse. See Thompson, supra at 834. Therefore, we find that the trial court did not err as a matter of law by determining that Payne's use was hostile and adverse despite Payne's lack of stated hostile intent. The evidence revealed that both Payne and the Herrells used the land as if it was their own and in a manner which would prevent use of the land as an easement. Therefore, we find that the record contains competent, credible evidence of hostile and adverse use.
In sum, we find that the trial court did not err as a matter of law in identifying or defining the elements of adverse possession. Additionally, we find that the trial court's factual findings are supported by competent, credible evidence in the record. Accordingly, we overrule the Runyons' second assignment of error.
 IV.
In their final assignment of error, the Runyons assert that the trial court erred by tacking Payne's use of the easement land to the Herrells' use of the easement land. Specifically, the Runyons assert that the trial court erred by tacking Payne's use to the Herrells' use because Payne's use was not hostile and adverse. In resolving the Runyons' second assignment of error, we determined that Payne's use of the land was hostile and adverse. Therefore, the Runyons' argument fails, and we overrule their third assignment of error.
We find each of the Runyons' three assignments of error to be without merit. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIFMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.:
Concur in Judgment and Opinion.
For the Court
BY: Roger L. Kline, Presiding Judge.