RAYMOND, D.B.A. Creekwood Golf Course, Appellee,

v.

CARY, Appellant.

[Cite as *Raymond v. Cary* (1989), 63 Ohio App.3d 342.]

Court of Appeals of Ohio,
Lorain County.

No. 88CA004474.

Decided June 21, 1989.

*John A. Gasior*, for appellee.

*John J. Duffy*, for appellant.

REECE, Judge.

On April 16, 1986, plaintiff-appellee, June Raymond, d.b.a. Creekwood Golf Course, filed a complaint against defendant-appellant, James H. Cary Sr., which requested, among other things, that appellee be granted quiet title to the disputed land by adverse possession. Cary was the record owner of the real estate.

After trial, the court granted quiet title to the land in favor of appellee. Cary appeals.

### Assignments of Error

"I. The trial court erred in holding that appellee's possession of the property at issue was, prior to May 29, 1965, adverse to the ownership of title of defendant's predecessors in interest so as to commence the running the State [*sic*] of Limitations set forth in Revised Code Section 2305.04.

"II. The trial court erred in holding that appellee's possession of the real property at issue was exclusive from September 1, 1964, to commence the running [of] the Statute of Limitations set forth in Revised Code Section 2305.04.

Because both assignments of error raise similar issues, they will be addressed together.

In order to prevail on a claim for adverse possession in Ohio, the claimant must establish that his possession of the land was open, notorious, exclusive, adverse, hostile and continuous for more than twenty-one years. See *Clark v. Potter* (1876), 32 Ohio St. 49; R.C. 2305.04. The facts in this case of adverse possession are based on a claim of possession by mistake. The doctrine of adverse possession protects one who has honestly entered and held possession in the belief that the land is his own, as well as one who knowingly appropriates the land of others for the purpose of acquiring title. *Vanasdal v. Brinker* (1985), 27 Ohio App.3d 298, 299, 27 OBR 343, 344, 500 N.E.2d 876, 878, citing *Yetzer v. Thoman* (1866), 17 Ohio St. 130; *Montieth v. Twin Falls United Methodist Church* (1980), 68 Ohio App.2d 219, 222, 22 O.O.3d 346, 348, 428 N.E.2d 870, 873.

In 1963, appellee's predecessor in title, David Sandvich (her late husband), planned to add nine holes to the existing nine-hole course known as Creekwood Golf Course. In August 1964, Sandvich entered into a purchase agreement with Cary's predecessor in title, Dorothy Walker, to purchase approximately 8.25 acres of land from Mrs. Walker. The approximately 12′ by

505′ strip at issue in this case was not part of this agreement. On November 6, 1964, Mrs. Walker signed a warranty deed which was recorded on May 29, 1965.

Before the warranty deed of November 6, 1964 was signed, appellant and appellant's predecessor began to develop the land described in the deed, plus the strip of land which is the subject of this lawsuit. The seller, Mrs. Walker, had given the buyer permission to begin work on the property sometime after the execution of the purchase agreement but before the execution of the deed. The trial court found that work began around September 1, 1964. Additionally, the trial court found that this permission was granted only to the land conveyed and not to this strip of land.

In the summer of 1964, a barbed wire fence with steel posts ran along the north-south tree line on Mrs. Walker's property. The property was improved up to the fence and, ever since, the fence line has been treated as the boundary line.

Cary contends that the twenty-one-year period could not expire any earlier than May 29, 1986, which would be twenty-one years after the warranty deed was recorded. Cary argues that the possession of this strip of land was neither exclusive nor adverse. Cary asserts that the permission given by Mrs. Walker for appellant to work on the land defeats the adverse possession and that the possession was not exclusive since Mrs. Walker held legal title to the land until May 29, 1965.

In this case, appellant held actual possession of the disputed strip under a claim that was open, exclusive and continuous for the statutory period, believing that he was holding a true property line, even though his belief as to the correct location was mistaken. The record reflects that appellant took down trees and shrubbery, filled in stump holes, graded and began putting in drain tile on the strip.

Mrs. Walker gave permission to begin this work in 1964 and this permission extended only to the land which she intended to convey. These visible acts outwardly demonstrated occupation and ownership so as to give notice for the statutory period to begin running.

Accordingly, all the elements of adverse possession have been met. Judgments supported by competent, credible evidence going to all the essential elements of the case must be affirmed by a reviewing court. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

For the foregoing reasons, the assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.