The STATE of Ohio, Appellee,

v.

DAY, Appellant.

[Cite as *State v. Day* (1990), 67 Ohio App.3d 325.]

Court of Appeals of Ohio,
Montgomery County.

No. 11921.

Decided April 13, 1990.

*Ronald Forbes,* Prosecuting Attorney, for appellee.

*Patrick D. Long,* for appellant.

FAIN, Judge.

Defendant-appellant Wally I. Day appeals from his conviction and sentence, following a no-contest plea, for driving with a prohibited concentration of

alcohol in his breath. Day contends that the trial court should have granted his motion to suppress the results of a breath test conducted on a machine known as an Intoxilyzer 4011AS, because a radio frequency interference survey had not been properly conducted in accordance with regulations of the Ohio Department of Health. We conclude that the state established, at the suppression hearing, that a radio frequency interference survey was conducted in accordance with applicable regulations. Accordingly, the judgment of the trial court will be affirmed.

## I

Day was arrested and charged with driving under the influence and failing to drive within marked lanes. Day's breath had been tested on an Intoxilyzer 4011AS machine, which showed a concentration of alcohol in his breath in excess of the permitted amount.

Day moved to suppress the test results. The sole basis for Day's motion was that a radio frequency interference survey had not been conducted in compliance with applicable regulations of the Ohio Department of Health.

Day's motion to suppress was heard by the trial court, and overruled. Following the overruling of his motion to suppress, Day pled no contest, was found guilty, and sentenced accordingly.

From his conviction and sentence, Day appeals.

## II

Day asserts the following assignments of error as follows:

### "First Assignment of Error

"The trial court erred in overruling defendant's motion to suppress the results of the breath test since the state of Ohio failed to go forward with burden of proving that such test was administered pursuant to the regulations issued by the Ohio Department of Health."

### "Second Assignment of Error

"The trial court erred in convicting the defendant on a plea of no contest based upon the results of a breath test which were acquired in violation of the guidelines issued by the Ohio Department of Health pursuant to the Ohio Administrative Code."

Both of Day's assignments of error are predicated upon an alleged defect in the radio frequency interference survey required by regulations of the Ohio Department of Health.

Ohio Adm.Code 3701–53–02(C) provides as follows:

"A radio frequency interference (RFI) survey shall be performed for each breath testing instrument listed in paragraphs (A)(1) to (A)(3) and (A)(5) of this rule that is in operation at each breath testing site. RFI surveys are not required for the instruments listed in paragraph (A)(4) of this rule. Survey results shall be recorded on the form set forth in appendix G to this rule [footnote omitted]. The original RFI survey form and any subsequent RFI survey forms shall be kept on file in the area where tests are performed. A new survey shall be conducted when a breath testing instrument's spatial placement or axis is changed from that designated in the most recent survey form. Radio transmitting antennae shall not be used within any RFI-affected zone during conduct of a subject test or a calibration check."

The instrument used to test Day's breath was subject to the above-quoted requirements.

Although an RFI survey was conducted with respect to the machine used in this case, Day contends that that survey was defective because it did not include frequencies used by the Ohio State Highway Patrol. The survey was only performed with respect to radio frequencies utilized by Miami Township. The machine was located in the Miami Township Building.

The machine used to test Day's breath is sometimes used by officers in jurisdictions other than the Miami Township Police Department; in this case, an officer from the Ohio State Highway Patrol arrested Day, and that officer brought Day to the Miami Township Police Department to have the test performed.

At the hearing, the arresting officer testified that he turned off the radio in his cruiser upon arrival at the Miami Township Police Department, and that he turned off his hand-held transmitter, and kept it off, at all times, until the testing was completed.

Neither the above-quoted regulation nor Appendix G expressly states the required scope of the RFI survey. The state contends that only frequencies, or bands of frequencies, regularly used by the person or persons occupying the premises where the machine is located are required to be surveyed. Day contends that frequencies used by other agencies that use the machine are required to be surveyed.

Rigid compliance with Department of Health regulations in regard to alcohol testing has not been required; so long as there is substantial compliance with those requirements, alcohol tests have not been suppressed. *State v. Plummer* (1986), 22 Ohio St.3d 292, 294, 22 OBR 461, 463–464, 490 N.E.2d

902, 904–905; and *State v. Jenkins* (1986), 27 Ohio St.3d 6, 27 OBR 77, 500 N.E.2d 876.

In view of the fact that the applicable regulations do not clearly mandate that a RFI survey be conducted with respect to every frequency used by anyone who might happen to enter the premises where a machine is kept, and in view of the fact that there was testimony in this case that the arresting officer turned off both his cruiser radio and his hand-held radio during the test, so as to avoid any possibility of interference from those radio sources, we conclude that there has been at least substantial compliance with applicable requirements.

Accordingly, the trial court did not err by overruling Day's motion to suppress. Both of Day's assignments of error are overruled.

### III

Both of Day's assignments of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF, P.J., and BROGAN, J., concur.