OPINION
Plaintiff-appellant Kenneth Greene appeals from a judgment against him on his complaint seeking a declaration that he is the owner of certain real property by virtue of his adverse possession of the property, and for other appropriate relief. Greene contends the trial court erred by holding that he was required to offer proof of the existence of a written document giving him color of title to the property, in order to establish his claim of adverse possession. He further contends that the judgment against him is not supported by the evidence, and is against the manifest weight of the evidence.
We conclude that the trial court did err in holding that Greene was required to prove the existence of a written instrument giving him color of title, in order to establish a claim of adverse possession. Based upon our review of the evidence in the record, we cannot say that the evidence is uncontroverted or overwhelming, justifying a determination by this court that Greene is entitled to judgment as a matter of law. Because we conclude that the judgment against Greene on his claim must be reversed, and the cause remanded for further proceedings, we decline to determine whether the judgment is against the manifest weight of the evidence.
The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I
Greene and defendant-appellee James T. Cephus own adjacent parcels of land. The subject of their dispute is a driveway lying between their houses. There is no dispute that Cephus is the owner of record of the driveway. Greene contends that he has established his title to the driveway, in spite of Cephus's record title, by virtue of the doctrine of adverse possession. Greene brought this action for an order declaring him to have good title to the driveway, and for other appropriate injunctive relief. This matter was tried without a jury. Following the trial, judgment was rendered against Greene, and his complaint was dismissed. From the judgment against him, Greene appeals.
 II
Greene's First and Second Assignments of Error are as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY REQUIRING PLAINTIFF TO DEMONSTRATE "CLAIM OF RIGHT" OR "COLOR OF TITLE" AS A SPECIFIC AND SEPARATE ELEMENT OF PROOF FOR ADVERSE POSSESSION CONTRARY TO WELL ESTABLISHED CASE LAW IN OHIO.
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY REQUIRING PLAINTIFF TO DEMONSTRATE SOME "CLAIM OF RIGHT" OR "COLOR OF TITLE" IN WRITING AS AN ELEMENT OF PROOF FOR ADVERSE POSSESSION CONTRARY TO WELL ESTABLISHED CASE LAW IN OHIO.
Cephus contends that Greene misapprehends the holding of the trial court. Cephus contends that the trial court merely considered the absence of a written instrument giving Greene color of title as one factor in reaching its decision. We do not agree.
The penultimate two paragraphs of the trial court's decision and judgment entry express the essential holding of the trial court, as follows:
 There is no question the Plaintiff used the strip of land for access to the garage and sometimes parked cars in the disputed area. However, upon reviewing the evidence presented at trial and the briefs submitted by both parties, this Court finds that the Plaintiff has failed to prove by clear and convincing evidence as required by Grace v. Koch
[(1998), 81 Ohio St.3d 577,] that he is entitled to acquire the ten (10) foot strip of land in dispute in this action by adverse possession. Clear and convincing evidence was not presented to this Court of an open, notorious, continuous, and adverse use under a "claim of right" of the disputed ten (10) foot strip of land by the Plaintiff for a period exceeding twenty-one (21) years. By definition, an individual acquires color of title to property by the following means:
 "* * * something in writing which, upon its face, professes to pass title, but which does not do it, either from want of title in the person making it, or the defective mode of conveyance that is used, but such writing must not be so plainly and obviously defective as that no man of ordinary capacity would be misled by it. * * *" Powers v. Malavazos (1927), 25 Ohio App. 450.[1]
Strictly speaking, color of title goes to, or is one of several aspects contemplated in the elements of "hostile" and "adverse."
Plaintiff failed to present any testimony or evidence depicting a writing which would profess to pass title to him of the disputed portion of land. Without any evidence of color of title, the Plaintiff cannot meet his burden of establishing the elements of adverse possession.
It is clear to us that the trial court based its decision upon its legal holding that a claim of adverse possession requires proof of a written document conveying color of title to the claimant. The trial court erred in so holding.
The case from which the trial court relies, Powers v.Malavazos, supra, recognized that:
 If the plaintiff had no color of title to the tract and dispute, he could acquire by adverse possession thereof only that part of the tract of which he was in actual possession.
 Id., at 453.
Because the plaintiff in that case was seeking title to a tract of land, only a part of which had been subject to his actual possession, he was required to show some color of title to the tract, which would then permit his adverse possession of a part thereof to be constructively extended to the entire tract, by presumption of law. Id.
In a recent pronouncement of the Ohio Supreme Court on the doctrine of adverse possession, the Court set forth the elements required to prove the elements of adverse possession, and there was no requirement that the claimant have color of title, whether evidenced in writing, or otherwise. Grace v. Koch (1998),81 Ohio St.3d 577. In that opinion, at 581, the Court explained the nature of adverse possession, as follows:
 This court has stated that "[i]t is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character," Humphries v. Huffman (1878), 33 Ohio St. 395, 402
and that "[t]he occupancy must be such as to give notice to the real owner of the adverse claim." Id. at 404. In Lane v. Kennedy (1861), 13 Ohio St. 42, this Court stated that to make possession adverse, "there must have been an intention on the part of the person in possession to claim title, so manifested by his declarations or his acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim." (Emphasis sic.) Id. at 47.
We agree with Greene that it is not necessary for him to establish color of title to the disputed property, whether arising by virtue of a written instrument, or otherwise. Furthermore, the "claim of title" referred to in Grace v.Koch, supra, is not a separate element of an adverse possession claim — it characterizes the requisite nature of the claimant's adverse possession of the property. The claimant's exclusive use of the property must be so open and notorious, and so inconsistent with the notion that some other person owns the property, as to constitute a claim of title to the property. In other words, even an intensive use of the property that is only occasional, or that is with the express or implied permission of the owner of record, would not constitute a "claim of title" to the property.
Greene's First and Second assignments of error are sustained.
 III
Greene's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT PLAINTIFF, KENNETH GREENE, JR., FAILED TO ESTABLISH HIS CLAIM FOR ADVERSE POSSESSION BY CLEAR AND CONVINCING EVIDENCE AND BY FAILING TO APPLY THE LAW AND PRECEDENTS CONTAINED IN VANASDAL ET AL. V. BRINKER TO THE PRESENT CASE.
In this assignment of error, Greene contends that the evidence he presented in support of his claim was so clear and uncontradicted that he is entitled to judgment as a matter of law. If we were to agree with him, we could either enter the judgment that the trial court should have entered, or remand the cause to the trial court with instructions to render judgment in Greene's favor. App.R. 12(B). However, we are not persuaded, from the evidence in the record, that Greene is entitled to judgment as a matter of law.
Greene testified on his own behalf, and offered several other witnesses on his own behalf. Their testimony, if credited in full, would establish that Greene, his predecessors in title, and the tenants holding the land under him, openly, notoriously and continuously used the driveway for more than 21 years preceding 1980, by using it as a driveway, by parking vehicles in the driveway, and by maintaining the driveway.If these facts were deemed to be established, we would agree with Greene that his case is not materially different than Vanasdal v. Brinker (1985),27 Ohio App.3d 298, motion to certify overruled, September 11, 1985, Ohio Supreme Court Case No. 85-1142.
Cephus was the only witness to testify in his defense. As Greene notes, Cephus acknowledged that he moved to Ohio from Michigan in 1980, taking up residence on the adjacent property, and has no knowledge concerning the driveway prior to 1980. Nevertheless, Cephus's testimony contradicted Greene's on some significant points. Greene testified that Cephus sought, and received, permission to park his vehicle in the driveway, and did so. Cephus denied ever having sought Greene's permission to park in the driveway, although he acknowledged that, on one occasion, he sought and obtained Greene's permission to park in Greene's garage. Cephus contended that he occasionally parked in the driveway, and that he did so without obtaining Greene's consent,
Another important inconsistency in the testimony is that Cephus testified that Greene offered to purchase the strip of land on which the driveway was located, and that Cephus's response was as follows:
Q. And you refused?
 A. Yes. I said I didn't want to sell it, but as a neighborly gesture I didn't mind them parking in there.
Greene denied ever having talked to Cephus about purchasing the strip of land on which the driveway was located.
The credibility of witnesses is primarily for the trier of fact to determine, since it has seen and heard the witnesses. If the trial court were to credit Cephus's testimony in full, thereby discrediting that part of Greene's testimony in conflict therewith, reasonable inferences therefrom might lead it to doubt the testimony of Greene and his witnesses concerning the status of the driveway before 1980.
We do not mean to suggest that the mere fact that Greene offered, some time after 1980, to buy title to the strip in question would necessarily doom his claim. A reasonable finder of fact might construe that as nothing more than an attempt to resolve title to the driveway without having to resort to litigation. However, a reasonable trier of fact might infer from Greene's offer to buy the title that Greene's adverse possession claim is not so clear-cut as Greene's testimony, and that of his witnesses, would otherwise persuade the finder of fact to believe.
In this connection, it is worth remembering that proof of an adverse possession claim must be by clear and convincing evidence.Grace v. Koch, supra. Therefore, it is only necessary for a trier of fact to find the evidence in support of that claim to be less than clear and convincing in order for the trier of fact to find in favor of the defendant. Although the evidence in the record in support of Greene's adverse possession claim is strong, we are not prepared to say that it is so strong, and uncontradicted, as to entitle Greene to judgment as a matter of law. Greene's Third Assignment of Error is overruled.
 IV
Greene's Fourth Assignment of Error is as follows:
 THE TRIAL COURT'S DECISION AND PLAINTIFF, KENNETH GREENE, JR., FAILED TO ESTABLISH HIS CLAIM FOR ADVERSE POSSESSION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE RECORD CONTAINS NO COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE TRIAL COURT'S DECISION.
In this assignment of error, Greene contends that the judgment against him is against the manifest weight of the evidence. For the reasons set forth in Part III, above, we are not prepared to hold that the evidence in the record before us is so strongly in Greene's favor that he is entitled to judgment as a matter of law. There are significant conflicts in the testimony, which are primarily for the trier of fact to determine. Under these circumstances, we are not inclined to weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence, even though we are permitted to do so, in our sound discretion, pursuant to App.R. 12(C). Therefore, the only remedy that we would extend to Greene if we were to sustain this assignment of error would be to remand the case to the trial court for further proceedings. Id. Because our sustaining Greene's First and Second assignments of error already requires us to reverse the judgment of the trial court, and remand this cause to it for further proceedings, we choose to overrule Greene's Fourth Assignment of Error as moot, pursuant to App. 12(A)(1)(c).
 V
Greene's First and Second assignments of error having been sustained, and his Third and Fourth assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 _____________________ FAIN, J.,
GRADY, P.J., and YOUNG, J., concur.
[1] We have not found the quoted passage in the text of the opinion in Powers v. Malavos, supra.