DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jennifer C. Masek, appeals from her conviction in Medina Municipal Court of operating a vehicle under the influence, in violation of R.C. 4511.19(A)(1). This Court affirms.
 I. {¶ 2} On March 23, 2002, Ohio State Patrol Trooper Sam Crist was working routine traffic patrol northbound on W. 130th Street in Brunswick when he noticed appellant's black Hyundai weaving in its own lane. It also appeared that appellant was traveling in excess of the 35 miles per hour posted speed limit. Trooper Crist activated his radar and obtained a reading of 50-51 miles per hour. Trooper Crist followed appellant on W. 130th Street in Brunswick and continued to observe what he characterized as "very pronounced" weaving. After the vehicle turned on Grafton Road, Trooper Crist turned on his overhead lights and made a traffic stop of appellant's car. Upon approaching the vehicle, Trooper Crist observed a noticeable odor of alcohol emanating from appellant's person. He also observed that her eyes were glassy and bloodshot. Upon questioning appellant, she indicated that she had consumed four alcoholic beverages.
 {¶ 3} Trooper Crist placed appellant under arrest for operating a vehicle under the influence of alcohol. Appellant was subsequently charged with the same and filed a motion to suppress asserting no probable cause to arrest. The trial court held an evidentiary hearing wherein it held in abeyance any evidence regarding field sobriety testing until it determined whether there was probable cause for appellant's arrest before the tests were administered. After hearing the evidence, the trial court denied the motion to suppress finding probable cause. Appellant then withdrew her not guilty plea and pled no contest to operating a vehicle under the influence of alcohol. Appellant was found guilty and sentenced accordingly. Appellant timely appealed to this Court, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in determining there was probable cause for the arrest of the appellant without reference to field sobriety testing"
 {¶ 4} In addressing the appropriate standard of review of a determination of whether probable cause existed for an arrest, this Court stated:
"An appellate court reviews a trial court's decision on a motion to suppress de novo. However, the appellate court reviews the facts only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Accordingly, this Court accepts the factual determinations of the trial court if they are supported by competent, credible evidence, and without deference to the trial court's conclusions will determine `whether, as a matter of law, the facts meet the appropriate legal standard.'" (Citations omitted.) State v. Nichols, 9th Dist. No. 01CA0037, 2002-Ohio-1993, at ¶ 4.
 {¶ 5} In State v. Homan (2000), 89 Ohio St.3d 421, 427,2000-Ohio-212, the Supreme Court of Ohio set forth the standard of review for probable cause for an arrest of an individual for driving under the influence:
"In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest." (Citations omitted.)
 {¶ 6} In the case instanter, Trooper Crist testified that he observed appellant weaving and clocked her speed at 50 to 51 mph in a 35 mph zone. Upon stopping appellant, he observed a very noticeable odor of alcohol coming from appellant's person. He also observed that appellant's eyes were glassy and bloodshot. Upon questioning her, appellant admitted to consuming four alcoholic beverages.
 {¶ 7} After examining the totality of the circumstances surrounding appellant's arrest, this Court cannot conclude that the trial court erred in finding probable cause existed at the time Trooper Crist placed appellant under arrest for driving under the influence. The fact that the trial court did not hear evidence on the field sobriety tests is irrelevant as probable cause may exist even without field sobriety tests. State v. Maston, 2003-Ohio-3075, at ¶ 20. Appellant's assignment of error is overruled.
 III. {¶ 8} The decision of the Medina Municipal Court is affirmed.
Judgment affirmed.
Baird, P.J., Batchelder, J., concur.