DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Dionne Hummel has appealed from a decision of the Elyria Municipal Court that denied her motion to suppress. This Court affirms.
 I {¶ 2} As an initial matter, this Court notes that Plaintiff-Appellee, the City of North Ridgeville ("City"), has failed to file an appellate brief in the matter before this Court. Pursuant to App.R 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 3} On December 23, 2003, the North Ridgeville Police Department received a call about an erratic driver. After determining the location of the driver, Sergeant Kevin Jones, of the North Ridgeville Police Department, came upon two cars pulled off of Route 10. One car was pulled off to the right side of the highway and the other car was in the median of the highway. Sergeant Jones pulled his police cruiser off to the right side of the highway and identified the driver of the car on the right side of the highway as the person who called the police about the erratic driver. Sergeant Jones then learned that the erratic driver was the person stopped in the median.
 {¶ 4} Sergeant Jones approached the car in the median and discovered appellant attempting to push her vehicle. Appellant was subsequently arrested and charged with: 1) driving under the influence of alcohol in violation of R.C. 4511.19(A)(1); 2) operating a vehicle with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(7); and 3) failure to control her vehicle in violation of R.C. 4511.202. Appellant entered "not guilty" pleas to all three charges.
 {¶ 5} On January 28, 2004, Appellant filed a motion to suppress, requesting that the following evidence be suppressed:
"1. Tests of Defendant's coordination and/or sobriety and/or alcohol and/or drug level, including but not limited to any and all roadside Sobriety and chemical test of the Defendant [;] (sic).
"2. Statements taken from or made by the Defendant [;].
"3. Observations and opinions of the police officer who stopped the Defendant and/or arrested and/or tested the Defendant regarding Defendant's sobriety and/or alcohol level."
 {¶ 6} On January 29, 2004, the trial court "denied in part" Appellant's motion to suppress. The trial court found that:
"[S]ection (1) of the motion is denied as the motion not only fails to set forth any allegation of evidence of `coordination and/or sobriety and/or alcohol and/or drug level' tests, it specifically states no such tests were conducted. The claim in section (2) of the motion is denied as the motion sets forth no specific allegation of statements taken from or made by the defendant in violation of her rights. The mere statement that statements were made in violation of rights, without any specific, articulable facts, is insufficient to cause the state of Ohio to have the burden of proving otherwise."
 {¶ 7} The trial court set a hearing on the remaining evidence in Appellant's motion to suppress, which concerned the observations and opinions of the arresting officer.
 {¶ 8} On March 23, 2004, a hearing was held on Appellant's motion to suppress. Sergeant Jones and Appellant testified at the hearing.
 {¶ 9} On April 5, 2004, Appellant filed a supplemental motion to suppress/motion to dismiss. Appellant based her supplemental motion on facts revealed from the testimony of Sergeant Jones. Appellant argued that Sergeant Jones did not have probable cause to arrest her at the scene and that her rights were violated because she was not read her Miranda rights at the time of her arrest. The City filed a response to Appellant's motion arguing that the arrest was proper and the evidence collected did not violate Appellant's constitutional rights.
 {¶ 10} On April 7, 2004, the trial court denied Appellant's motion to suppress. The trial court found that:
"1. Reasonable suspicion to stop and investigate existed based upon the information relayed to Officer Jones by dispatch from a witness, who was later identified and provided a written statement, that the defendant was driving a motor vehicle in an erratic manner and upon the officer's observations of the defendant, her physical condition and her vehicle's position in the median of the highway. State v. Roberts (May 9, 2001), Summit App. No. CA20355, unreported; City of Willoughby v. Liberatore (July 26, 2002), Lake App. No. 2001-L-171, unreported.
"2. There was probable cause to arrest the defendant for driving while intoxicated. The defendant was observed by the officer to be dishevleled, [sic] unsteady in her balance, smell of an alcoholic beverage and have glassy eyes. She failed to obey an instruction from the officer. The defendant admitted to the officer that she drank two margaritas prior to driving her vehicle. The defendant was further observed by the officer standing in water while trying to push her vehicle. These facts coupled with the defendant's erratic driving, substantiate a finding of probable cause. Oregon v. Szakovits (1972),32 Ohio St.2d 271.
"3. The case relied upon by the defendant in support of her motion, State v. Hummel (2003), 154 Ohio App.3d 123, is distinguishable from the matter at bar. That case interprets State v. Finch (1985),24 Ohio App.3d 38. The distinguishable factors that are in Finch there was no evidence of erratic driving, no smell of an alcoholic beverage on the suspect and no slurred speech or bloodshot eyes that could be attributed the consumption of alcohol."
 {¶ 11} On May 3, 2004, Appellant filed a second supplemental motion to suppress. Appellant argued that "any and all sobriety tests and breath tests that were conducted at the North Ridgeville Police Station on December 23, 2003 together with [Appellant's] oral statements" must be suppressed because Appellant was not read her Miranda rights at the time of her arrest.
 {¶ 12} On May 17, 2004, the trial court denied Appellant's May 3, 2004, motion to suppress. The trial court found that "there was sufficient probable cause to arrest the [Appellant.]"
 {¶ 13} On June 24, 2004, Appellant entered a "no contest" plea to Charge 1, driving under the influence of alcohol in violation of R.C.4511.19(A)(1). Charges 2 and 3 were merged with Charge 1. The trial court accepted Appellant's plea and found her guilty of driving under the influence of alcohol.
 {¶ 14} Appellant has appealed the trial court's denials of her motion to suppress, asserting two assignments of error.
 II Assignment of Error Number One
"That the trial court erred when if (sic) failed to suppress the statements and results of the sobriety tests and breathalyzer test due to the unlawful detention and illegal arrest of [appellant] without a warrant."
 {¶ 15} In her first assignment of error, Appellant has argued that she was unlawfully detained and arrested on December 23, 2004. Specifically, Appellant has argued that she should not have been arrested without a warrant because Sergeant Jones did not have reasonable suspicion of illegal activity because he did not witness any evidence of such activity and he did not administer any sobriety tests at the scene. We disagree.
 {¶ 16} An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing, and is therefore best equipped to evaluate the credibility of witnesses and resolve questions of fact. State v. Hopfer (1996), 112 Ohio App.3d 521, 548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. Accordingly, this Court accepts the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998),127 Ohio App.3d 414, 416. (sic).
 {¶ 17} After a review of the record, we find that the trial court's factual determinations are supported by competent, credible evidence. The transcript of the suppression hearing clearly supports the trial court's findings of fact. Accordingly, we turn to the trial court's legal conclusions to conduct a de novo review. See Russell,127 Ohio App.3d at 416.
 {¶ 18} We must initially note that this case does not involve a traffic stop. Appellant's vehicle was already stopped when Sergeant Jones approached Appellant.[1] Accordingly, the City did not need to establish that Sergeant Jones had probable cause to stop Appellant because Sergeant Jones did not stop Appellant. Therefore, we turn to whether Sergeant Jones had probable cause to arrest Appellant.
 {¶ 19} As part of her argument against the denial of her motion to suppress, Appellant has argued that Sergeant Jones lacked probable cause to arrest her for driving under the influence. We disagree. The standard for determining whether the police had probable cause to arrest an individual for DUI requires us to:
"consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." (Citations omitted). State v.Masek, 9th Dist. No. 03CA0016-M, 2003-Ohio-7189, at ¶ 5.
In making this determination, we examine the "totality" of facts and circumstances surrounding the arrest. Id.
 {¶ 20} We find that Sergeant Jones had probable cause to arrest Appellant for DUI. As previously stated, after receiving a radio broadcast about an erratic driver on Route 10, Sergeant Jones came upon two vehicles, one vehicle was pulled over off the right side of the highway and the other vehicle was in the median of the highway. Sergeant Jones determined that the erratic driver was the person in the median. Sergeant Jones heard the tires of the car in the median spinning and the engine revving. Upon approaching the car in the median, Sergeant Jones witnessed a woman, later identified as Appellant, attempting to push the car. No one else was in or near the vehicle. Sergeant Jones asked Appellant to step towards him and she ignored his request and went towards the driver's seat. Sergeant Jones testified that Appellant was "very unstable balancewise" and that she was "kind of disheveled, a little bit, ah uncertain what was goin' on."
 {¶ 21} Sergeant Jones further testified that Appellant only had one shoe on and that her other shoe was floating in a nearby puddle of water. He testified that Appellant's balance issues were not related to the puddle of water, but rather her alcohol intake. Sergeant Jones testified that Appellant's eyes were glassy and he noticed a very strong odor of alcohol on Appellant's breath. He also noted that Appellant's car was missing its front passenger tire and that she had been driving on the rim. Based on these facts surrounding Appellant's arrest, we find that Appellant's arrest was based on sufficient information derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that Appellant was driving under the influence. See Masek, supra. Accordingly, the trial court did not err when it concluded Sergeant Jones had probable cause to arrest Appellant for DUI.
 {¶ 22} In finding that Sergeant Jones had probable cause to arrest Appellant, we decline to accept Appellant's argument that she should not have been arrested because Sergeant Jones had not yet conducted sobriety tests. As previously stated, Sergeant Jones had sufficient information to establish probable cause without the results of sobriety or chemical tests. Further, Sergeant Jones explained during the suppression hearing that due to the weather conditions and their position on the highway he determined that it was not safe to conduct the tests at the scene. Such a decision is within his discretion and does not affect the probable cause previously established to arrest Appellant.
 {¶ 23} Based on the foregoing, we find that Appellant's first assignment of error is not well taken.
 Assignment of Error Number Two
"The trial court erred when it failed to suppress any statements of [appellant] where the arresting officer failed to provide her miranda rights in violation of [appellant's] fifth and sixth amendment rights to the U.S. Constitution."
 {¶ 24} In her second assignment of error, Appellant has argued that the trial court erred in denying her motion to suppress oral statements made to Sergeant Jones before she was issued her Miranda warnings. Specifically, Appellant has argued that the "custodial statements taken from Appellant in the police cruiser including the tests at the Police Station were obtained in violation of her constitutional rights * * * and are the fruits of the poisonous tree and must be suppressed." We disagree.
 {¶ 25} As previously discussed, this Court reviews the trial court's findings of fact for competent, credible evidence. Guysinger,86 Ohio App.3d at 594. Once we determine that the trial court's factual findings are supported, we conduct a de novo review of its legal conclusions. Russell, 127 Ohio App.3d at 416.
 {¶ 26} After a review of the record, we again find that the trial court's factual determinations are supported by competent, credible evidence. The transcript of the suppression hearing clearly supports the trial court's findings of fact regarding Appellant's constitutional rights. Accordingly, we turn to the trial court's legal conclusions.
 {¶ 27} Pursuant to the Fifth Amendment of the United States Constitution, no person shall be compelled to be a witness against himself. In order to protect a defendant's Fifth Amendment right against self-incrimination, statements resulting from custodial interrogations are admissible only after a showing that law enforcement officers have followed certain procedural safeguards. Miranda v. Arizona (1966),384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694. Specifically, an individual must be advised prior to custodial interrogation that: 1) he has a right to remain silent; 2) any statement he makes may be used as evidence against him, and 3) he has a right to the presence of an attorney. Id.
 {¶ 28} Appellant has argued that her statements to Sergeant Jones should have been suppressed because the statements were made after she had been arrested but before she was given her Miranda rights. Appellant has cited the testimony of Sergeant Jones to establish that she was arrested and questioned before receiving her Miranda rights.
 {¶ 29} During the suppression hearing, Sergeant Jones testified that he arrested Appellant on the way to his cruiser. Appellant did not recall if she was notified she was under arrest. Sergeant Jones further testified that once in the car, "[W]hile I was filling out the paperwork, [Appellant] repeatedly * * * mentioned to me that she had only consumed two margaritas. [S]he made a comment that she had pulled over because she felt that she shouldn't be driving." Appellant testified that: "[Sergeant Jones] asked me initially * * * when he first got there if I had had something to drink, and I answered him that, yes, I did." Sergeant Jones testified that Appellant was read her Miranda rights when they arrived at the police station.
 {¶ 30} Assuming, arguendo, that Appellant was under arrest at the time she informed Sergeant Jones that she had drunk two margaritas and felt she should not be driving; we find that her statements were not the result of a custodial interrogation. A custodial interrogation involves "`questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" State v. Gray (Mar. 14, 2001), 9th Dist. No. 00CA007695, at 3, quoting Miranda, 384 U.S. 436, at 444.
 {¶ 31} In this case, the arresting officer, Sergeant Jones, testified that once in his police cruiser, Appellant "mentioned" to him that she had drunk two margaritas and felt she should not be driving. No evidence was presented that Sergeant Jones questioned Appellant in the police cruiser about drinking and driving. Appellant testified that when Sergeant Jones first arrived on the scene he asked her if she had been drinking and she answered yes. The trial court heard the testimony of both witnesses and weighed the credibility and trustworthiness of said testimony. Based on the record before it, the trial court denied Appellant's motion to suppress her statements.
 {¶ 32} Since the trial court heard and weighed the testimony of the witnesses and denied Appellant's motion to suppress, we find that the trial court gave Sergeant Jones' testimony more weight and determined that Appellant's statements in the police cruiser were not the result of interrogation by Sergeant Jones. Rather, Appellant made a voluntary statement to Sergeant Jones. Based on the record and the trial court's denial of Appellant's motion to suppress, we find that Appellant's statements were not made in response to police questioning, nor were they compelled by the police in any manner, therefore, Appellant's rights were not violated.
 {¶ 33} We must note that even if the trial court were to have found Appellant's testimony more credible than Sergeant Jones', her statements would still have been admissible. According to Appellant's own testimony, Sergeant Jones asked her about drinking and driving when he first arrived on the scene, which was before she was arrested and placed in the cruiser. Therefore, based on her own testimony she was not under arrest when she informed him that she had drunk two margaritas and should not have been driving.
 {¶ 34} Although not clearly articulated, Appellant also appears to have argued that Sergeant Jones could not have conducted any field sobriety or chemical tests without arresting her and advising her of her rights. We disagree. Sergeant Jones did not need to arrest Appellant to conduct the field sobriety or the breath-alcohol test. This Court has previously held that "[i]t is well settled that the non-verbal results of a breath-alcohol test or field sobriety tests are not selfincriminating statements." City of Wadsworth v. Engler (Dec. 15, 1999), 9th Dist. No. 2844-M at 11, citing State v. Henderson (1990), 51 Ohio St.3d 54, 57. See, also, State v. Whitaker, 2nd Dist. No. 2002-CA-82, 2003-Ohio-3398;State v. Matheny (Dec. 26, 2001), 4th Dist. No. 01CA19, 2001 Ohio App. LEXIS 6070. Accordingly, Sergeant Jones did not need to arrest Appellant and advise her of her rights before conducting the tests.
 {¶ 35} Based on the foregoing, we find that Appellant's second assignment of error lacks merit.
 III {¶ 36} Appellant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Batchelder, J. concur.
[1] This Court notes that since Appellant's car was in the median of a highway with Appellant attempting to push it, Sergeant Jones could have approached Appellant's car in the regular course of his duties to protect and serve without the dispatch call about an erratic driver.