VANASDAL ET AL., APPELLEES, *v.*
BRINKER, APPELLANT.

(No. 1377—Decided May 29, 1985.)

*L. Thomas Skidmore,* for appellees.
*William G. Batchelder, III* and *John T.H. Batchelder,* for appellant.

GEORGE, P.J. Plaintiff-appellee Paul Vanasdal and defendant-appellant, Ruth Brinker, own adjoining lots on North Market Street in Lodi. Ever since he bought the property in 1940, Vanasdal has maintained a twenty-five-foot wide strip of land between the two lots in the mistaken belief that the property was his. The strip of land contains the driveway and sole access to his garage, as well as a flower garden, trees and bushes, which he has cared for. In 1982, Brinker had a survey done which purported to show that the strip of land actually was part of her property. In August 1983, Vanasdal filed suit to quiet title on the disputed area. The trial court ordered judgment for Vanasdal, finding that he had held the property adversely to the interest of Brinker in excess of the statutory twenty-one-year period. It is from this judgment that Brinker appeals, assigning as error:

"1. In this adverse possession case, the trial court erred in finding for the plaintiff[s] and entering judgment thereon in that all evidence showed a permissive beginning of the usages of the disputed area and failed to show any change from that permissive usage to a hostile and adverse usage.

"2. In this adverse possession case, the trial court erred in determining that plaintiff[s] had proven an adverse possession of the entire parcel in question in that all evidence showed that plaintiffs' sole acts of usage and possession as to those portions of the disputed area that were grass covered and overgrown, were mowing and weeding those areas, which, in Ohio, is legally insufficient to qualify as a sufficient possession for purposes of establishing an adverse possession."

This court affirms the judgment for Vanasdal.

The trial court properly rejected Brinker's argument that Vanasdal's possession was not adverse because it stemmed from a familial relationship under which use of the disputed strip was permissive. The status of the use prior to Vanasdal's taking possession has no bearing here, since the statutory requirement for adverse possession is only twenty-one years, R.C. 2305.04, and Vanasdal has owned the property for more than forty years. Adverse or hostile use is any use inconsistent with the rights of the title owner. *Kimball* v. *Anderson* (1932), 125 Ohio St. 241. The hostile use here began as soon as Vanasdal took possession and began using the property as his own.

The fact that everyone believed the strip in dispute actually belonged to Vanasdal so that no one challenged his use of the land earlier is also immaterial. The doctrine of adverse possession protects one who has honestly entered and held possession in the belief that the land was his own, as well as one who knowingly appropriates the land of others for the purpose of acquiring title. *Yetzer* v. *Thoman* (1866), 17 Ohio St. 130; *Montieth* v. *Twin Falls United Methodist Church* (1980), 68 Ohio App. 2d 219, 222 [22 O.O.3d 346].

Nor is actual knowledge of adverse use on the part of the title owner required. The owner is charged with knowledge of adverse use when one enters into open and notorious possession of the land under a claim of right. *Smith* v. *Krites* (1950), 90 Ohio App. 38, 43 [46 O.O. 360].

Brinker also argues that even if Vanasdal had established adverse possession on part of the property, he cannot make such claim on those parts where all he did was mow the grass and cut the weeds. Brinker asserts these acts are not sufficient to establish adverse possession in Ohio. The evidence would indicate, however, that Vanasdal maintained the tract as a whole, planting flowers, trees and bushes where he felt they would be attractive, cutting the lawn, and keeping it generally attractive according to the neighborhood standards. Ohio courts have said that the use of land requisite to adverse possession is such use as would be made of that land by the owner. *Fulton* v. *Rapp* (App. 1950), 59 Ohio Law Abs. 105, 107 [45 O.O. 495].

All the elements of adverse possession have been met. Vanasdal had actual, open and notorious possession of the land in excess of twenty-one years. That possession was continuous, exclusive and hostile to the rights of the title owner. Judgments supported by competent, credible evidence going to all the essential elements of the case must be affirmed by a reviewing court. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261].

For the above reason, the assignments of error are overruled and the judgment order quieting title for Vanasdal is affirmed.

*Judgment affirmed.*

MAHONEY and BAIRD, JJ., concur.