DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, John and Theresa Stratos, appeal from a judgment of the Summit County Court of Common Pleas, which awarded a prescriptive easement over their property to Appellee, Holly Hudkins as representative of Effie Gilley, an incompetent. We affirm.
 I. {¶ 2} Ms. Gilley owned certain real property for over 30 years, during which time she obtained access to the property via a gravel driveway actually located on the neighboring property, which is currently owned by the Stratoses. While this particular driveway serves only to connect Ms. Gilley's garage to Nestor Lane, over time it has been used by family, friends, neighbors, visitors, mail and parcel delivery, school buses, ambulances, and police and fire vehicles.
 {¶ 3} The Stratoses bought the neighboring property in 1996, and upon discovery that the driveway was located on their property, placed obstructions to prevent further use. Ms. Gilley sued to enjoin the obstruction and obtain continued access over the driveway by a judicial declaration of a prescriptive easement.
 {¶ 4} The case was originally tried to a magistrate, who made findings of fact and conclusions of law, specifically deciding that Ms. Gilley had obtained a prescriptive easement over the driveway. The Stratoses objected to the magistrate's decision, and when Ms. Gilley did not respond, the trial court found the objections to be well taken and set the case for trial. The case proceeded to a bench trial, upon which the court made findings of fact and conclusions of law, specifically deciding that Ms. Gilley had obtained a prescriptive easement over the driveway. In finding that Ms. Hudkins had met her burden of proof by clear and convincing evidence, the court expressed the key findings as follows:
"An aerial map from 1963 demonstrates that a definite line of travel was clearly visible running south from Nestor Lane to the Gilley house. See Plaintiff's Ex. 1. No other access route is visible. * * *
"While the court does not find that the area at issue is a continuation of Nestor Lane, the court finds that its use as a driveway has been open, notorious, adverse, continuous, hostile and under a claim of right for more than twenty-one years.
"Evidence was presented [by the Stratoses] that the area occupied by the driveway today is not the same area it occupied continuously in the past. * * * The court finds that this evidence is unconvincing and clearly inconsistent with the 1963 map and with other evidence presented. * * *
"The use of the driveway was notorious and open. Everyone who lived in the area as well as public vehicles knew of and used the driveway to access the Gilley house. While there is no direct evidence that the predecessors-in-interest to John and Theresa Stratos had knowledge of the use, the court reasonably infers that these owners had the same knowledge as everyone else. No evidence of permissive use was presented."
 {¶ 5} Thereafter, the court entered judgment granting a prescriptive easement over the specifically described driveway area on the Stratoses' property. The Stratoses timely appealed, asserting three assignments of error for review. The first two assignments of error have been consolidated.
 II. A. First Assignment of Error
"The trial court erred in finding a prescriptive easement of the `driveway' area because appellee failed to establish the elements of Prescriptive easement by clear and convincing evidence."
 Second Assignment of Error
"The trial court erred in denying appellants' civil rule 50 motion for a directed verdict at the close of appellee's case."
 {¶ 6} In their first two assignments of error, the Stratoses allege that Ms. Hudkins did not prove the elements of a prescriptive easement. From this, the Stratoses assert that the trial court's ultimate decision was incorrect and that the trial court erred in failing to award them a directed verdict. We disagree.
 {¶ 7} This Court has previously articulated the elements of a prescriptive-easement claim, as well as the applicable burden of proof:
"In order to prevail on a claim of prescriptive easement, a plaintiff must establish `that the plaintiff used the property at issue (1) openly, (2) notoriously, (3) adversely to his neighbor's property rights, (4) continuously, and (5) for at least twenty-one years. The plaintiff must prove these elements by clear and convincing evidence. * * * Unlike an adverse-possession claim, the element of exclusive possession of property is not required in a prescriptiveeasement claim.'" Beaver v.Williams (Feb. 21, 2001), 9th Dist. No. 20050, at *7-8, quoting Nusekabelv. Cincinnati Pub. School Employees Credit Union, Inc. (1997),125 Ohio App.3d 427, 433-34.
 {¶ 8} In the present case, there is little dispute that Ms. Gilley used the driveway (1) openly and (2) notoriously. See Hindall v.Martinez (1990), 69 Ohio App.3d 580, 583. As the trial court found, "[e]veryone who lived in the area as well as public vehicles knew of and used the driveway to access the Gilley house." Furthermore, Ms. Gilley used the property (3) adversely to the Stratoses' property rights, in that the use was solely for the benefit of Ms. Gilley's property, serving no additional or concurrent benefit to the Stratoses' burdened property, and the presence of the driveway would actually be a detriment to the use or value of the Stratoses' property. Finally, Ms. Gilley's use was (4) continuous (5) for at least twenty-one years, as demonstrated by the 1963 aerial photo and the corroborating testimony. Based on the evidence available in the record, we concur with the trial court in finding that Ms. Hudkins, on behalf of Ms. Gilley, met her burden of proof on each of the elements for a prescriptive easement over this property.
 {¶ 9} The Stratoses argue that the use of the driveway was not adverse because, in actuality, it was permissive.
"When a landowner confronts a plaintiff's claim for a prescriptive easement, the landowner may assert the defense of permissive use. This defense allows the landowner to rebut the plaintiff's allegation that the plaintiff's use of the land was adverse to a landowner's right to the property by showing that the landowner granted the plaintiff permission to use the land. If the landowner asserts the defense of permissive use, then the landowner has the burden of proving the existence of his or her permission." (Emphasis added.) Carlyn v. Garn (1995), 105 Ohio App.3d 704,707.
In the present case, the Stratoses had the burden to prove the existence of a grant of permission prior to the expiration of the 21-year period. They failed to meet this burden, both at trial and on appeal. The Stratoses did not present any evidence, testimonial or otherwise, that would document a grant of permission to use this land as a driveway, either by themselves or a predecessor in interest. Rather, the Stratoses point to testimony by Ms. Hudkins' witnesses, in which they admitted that they and others had made uncontested use of the driveway prior to 1998. Notably, none of Ms. Hudkins' witnesses testified that they ever solicited or received a grant of permission from the adjacent property owners. Based on the proffered evidence, the Stratoses do not meet the burden required to prevail on this defense. The Stratoses' first two assignments of error are overruled.
 B. Third Assignment of Error
"The trial court erred in permitting two witnesses to testify after the close of appellee's case in chief."
 {¶ 10} In their final assignment of error, the Stratoses protest that the trial court improperly admitted the testimony of two separate witnesses, an expert witness and a rebuttal witness, after Ms. Hudkins had rested her case. The Stratoses urge that admission of this testimony was in error, and warrants reversal of the trial court's decision. We disagree.
 {¶ 11} A trial court's admission of evidence is reviewed for abuse of discretion. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. Moreover, a decision to vary the order of proceedings at trial is also within the sound discretion of the trial court, State v. Bayless (1976), 48 Ohio St.2d 73, paragraph three of the syllabus, as is a decision permitting a party to reopen its case. Ketchamv. Miller (1922), 104 Ohio St. 372, paragraph three of the syllabus. Such reopening, to clarify or address unresolved issues, is particularly apt in a bench trial, "where considerations involving recall of a jury are not present." Gillenwater v. Reynoldsburg City School Dist. Bd. of Educ.
(Oct. 14, 1999), 10th Dist. No. 98AP-1623, at *6.
 {¶ 12} In the present case, a bench trial, the court allowed Ms. Hudkins to reopen her case to provide expert testimony as to the dimensions (legal description) of the driveway, which was necessary to aid the court in resolving the location of the easement and awarding a remedy. The other witness, a rebuttal witness, was offered to dispute the Stratoses' claims that the driveway had recently been moved. Based on the evidence in the record, the content of the testimony presented and the prevailing law, we cannot conclude that the trial court abused its discretion in reopening the case and admitting this additional testimonial evidence. The Stratoses' third assignment of error is overruled.
 III. {¶ 13} The Stratoses' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J., Whitmore, J., Concur.