DECISION AND JUDGMENT ENTRY
{¶ 1} The Kallners appeal the trial court's decision granting Joe Wells' motion for summary judgment and awarding him title to a tract of land by adverse possession. The Kallners contend that the trial court erred in granting Wells' motion because Wells has not produced any evidence to prove that his use of the disputed tract of land was adverse. Because Wells testified that Lowell Kallner permitted him to plant trees on the disputed property, we conclude that Wells' use of the property was not adverse to the Kallners' ownership. Accordingly, we reverse the trial court's judgment.
 I. Procedural History {¶ 2} Appellants include the children of Lowell and Juanita Kallner: Tom Kallner, Elmo Kallner, Pam Kallner, and Mary Ann Casey, as well as Tom's wife, Brenda Kallner, and Elmo's wife, Margaret Kallner.
 {¶ 3} The Kallners sued Wells, seeking quiet title to a strip of land measuring approximately twenty (20) feet wide and two-hundred forty-eight (248) feet long and to obtain damages for trespass, negligence per se and unjust enrichment. They also sought an injunction requiring Wells to remove a fence, trees and other items from this property. Wells responded with a counter-claim seeking to establish ownership of the strip by adverse possession.
 {¶ 4} After conducting discovery, each side filed motions for summary judgment and memoranda in opposition. The trial court ultimately granted summary judgment for Wells after concluding there were no genuine factual disputes and that Wells had proven each element of adverse possession, including the twenty-one year vesting period.
 II. History of the Tract {¶ 5} Wells and Pam Kallner were married from 1974 until 1983. On October 7, 1974, Pam's parents, Lowell and Juanita Kallner, gave Pam and Wells a joint and survivor deed to one unimproved acre of land located within the Kallner farm. Because this one acre tract was landlocked by the surrounding Kallner farm, Lowell and Juanita permitted Wells and Pam to use a twenty foot strip of land that ran along the west side of the tract for ingress and egress. Accordingly, Lowell and Juanita granted Wells and Pam an easement, which was recorded in the same deed conveying the one acre tract. This easement, referred to as the "Roadway Reservation," is the subject of this dispute.
 {¶ 6} Wells and Pam built a house on their one acre parcel in 1975. In 1976, they planted white pine trees along the easement in order to give themselves more privacy and to break the westerly wind. Wells testified that Lowell not only permitted him to plant the trees, but that Lowell even helped plant some of them.
 {¶ 7} In 1983, Wells and Pam dissolved their marriage. As part of the divorce settlement, Pam quitclaimed her interest in the real property to Wells, who assumed the mortgage. Pam left the property and eventually moved to Columbus, while Wells continued to reside there. In 1996 Lowell and Juanita Kallner transferred the farm to their children and their spouses. After the elder Kallners died, the appellants filed this litigation in 2004.
 III. Assignments of Error {¶ 8} The Kallners submit four assignments of error in their appeal:
First Assignment of Error: THE TRIAL COURT ERRED BY GRANTING APPELLEE'S AND DENYING APPELLANT'S CROSS MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT HE "ADVERSELY" USED THE ROADWAY RESERVATION FOR 21 YEARS.
Second Assignment of Error: THE TRIAL COURT ERRED BY GRANTING APPELLEE'S AND DENYING APPELLANTS' CROSS MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLEE "EXCLUSIVELY" POSSESSED THE ROADWAY RESERVATION FOR 21 YEARS.
Third Assignment of Error: THE TRIAL COURT ERRED BY GRANTING APPELLEE'S AND DENYING APPELLANTS' CROSS MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLEE "OPENLY" OR "NOTORIOUSLY" USED THE ROADWAY RESERVATION FOR 21 YEARS.
Fourth Assignment of Error: THE TRIAL COURT ERRED BY RELYING ON APPELLEE'S IMPROPER AFFIDAVIT AND GRANTING APPELLEE'S AND DENYING APPELLANT'S CROSS MOTION FOR SUMMARY JUDGMENT.
 A. Standard of Review {¶ 9} When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 10} Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46.
 B. Elements of Adverse Possession {¶ 11} To acquire title to land by adverse possession, a party must prove by clear and convincing evidence the exclusive, open, notorious, continuous, and adverse use of the property for a period of 21 years. Grace v. Koch (1998), 81 Ohio St.3d 577,692 N.E.2d 1009, at the syllabus. It "is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character." Humphries v. Huffman (1878),33 Ohio St. 395, 402. The occupancy "must be such as to give notice to the real owner of the extent of the adverse claim." Id. at 404. Each case of adverse possession rests on its peculiar facts. Oeltjen v. Akron Associated Invest. Co. (1958),106 Ohio App. 128, 130, 153 N.E.2d 715.
 C. Adverse Use {¶ 12} We agree with the appellants that the trial court erroneously concluded Wells satisfied the element of adverse use. The record indicates Wells' possession of the disputed tract was permissive rather than adverse to the Kallners.
 {¶ 13} Hostile or adverse use is any use inconsistent with the rights of the owner. Vanasdal v. Brinker (1985),27 Ohio App.3d 298, 500 N.E.2d 876, 878, citing Kimball v. Anderson
(1932), 125 Ohio St. 241, 181 N.E. 17. If the use is either by permission or accommodation of the owner, then it is not adverse.Hindell v. Martinez (1990), 69 Ohio App.3d 580, 584,591 N.E.2d 308, 311. "The burden of proving adverse possession falls upon the party asserting title through such possession." Thompson v.Hayslip (1991), 74 Ohio App.3d 829, 832, 600 N.E.2d 756, 758. However, "where the owner of the servient estate claims the use was permissive, he has the burden then of proving it." Pavey v.Vance (1897), 56 Ohio St. 162, 46 N.E. 898, at the syllabus.
 {¶ 14} Wells contends that he acquired title to the disputed tract of land through adverse possession because he planted trees on the tract in 1976. He contends that this use of the tract of land was inconsistent with his rights of ingress and egress, and, thus, was adverse to the Kallners' ownership. The Kallners contend that Wells cannot prove adverse use because he had permission to plant trees on the disputed tract, which in fact amounted to a mere license that is revocable.
 {¶ 15} The easement granted to Wells by the Kallners only permitted him to use the tract for ingress and egress. Because he made a permanent improvement by planting trees on the tract, a use beyond mere ingress and egress, he met his burden of proving use inconsistent with the rights of the owner. The burden then shifted to the Kallners to prove that Wells' use was permissive rather than adverse.
 {¶ 16} In his deposition, Wells testified that he planted the trees on the property with his former wife, Pam, and that Lowell Kallner not only approved, but also helped. Counsel for the Kallners asked Wells if Lowell Kallner had permitted him to plant the trees, and Wells answered in the affirmative. Wells' counsel objected to the word "permit" because he believed Wells didn't understand all of the legal connotations of that word. The Kallners' counsel then asked Wells if he understood the meaning of "permit," and Wells again answered in the affirmative and stated that the Kallners did not object to the planting of trees on the disputed property.
 {¶ 17} Wells contends that the Kallners merely acquiesced to the planting of trees, rather than permitting it. Wells' attempt to distinguish "acquiescence" from "permission" is meaningless in this context. The use of the property cannot be hostile to the owner when the owner expressly permits to such use. Huntsman v.Lowery (Feb. 17, 2004), Stark App. No. 03CA00210, 2004-Ohio-753 at 3; Kuhn v. Ferrante, 2002-Ohio-358, 2002 WL 144182 at 2, citing Hindall v. Martinez (1990), 69 Ohio App.3d 580,591 N.E.2d 308; Burchfield v. Wolfe (Aug. 1, 2001), Hocking App. No. 00CA11, 2001-Ohio-2552 at 5; Coleman v. Penndel Co. (1997),123 Ohio App.3d 125, 130, 703 N.E.2d 821, 824; Van Buren v.Worley, 1995 WL 704096 at 6, citing Lane v. Kennedy (1861),13 Ohio St. 42, 46-47.
 {¶ 18} Furthermore, we have previously held that the use of property by family members is presumed to be permissive. Arthurv. Arthur (Dec. 4, 1997), Jackson App. No. 97CA797,1997 WL 764477 at 2, citing Durham v. Fisher (Nov. 12, 1996), Jackson App. No. 95CA768, 1996 WL 681965. At the time Wells planted these trees, he was married to Lowell and Juanita Kallner's daughter. Therefore, he was a family member and his use of the property is presumed to be permissive. Wells did not present any evidence to overcome either this presumption or the direct evidence of permissive use.
 {¶ 19} Because Wells has failed to prove by clear and convincing evidence that his use of the disputed tract was adverse to the Kallners' interest, he cannot prevail on his adverse possession claim. Oeltjen v. Akron Associated Invest.Co. (1958), 106 Ohio App. 128, 130, 153 N.E.2d 715.
 {¶ 20} We are tempted to construe the trial court's decision to grant Wells the disputed property by adverse possession as an easement created by estoppel. However, in light of the appellant's citation to Yeager v. Tuning (1908),79 Ohio St. 121, which has not been overruled expressly or by implication, we decline to do so in this instance. The court characterized the oral grant of permission to use another's land as a license, which is revocable. The Supreme Court has gone further to expressly reject easement by estoppel, even in the context of the land owner's acquiescence to the making of valuable improvement and the erection of structures upon the land by the "licensee." See Fowler v. Delaplain (1909), 79 Ohio St. 279, syllabus 2.
 {¶ 21} Accordingly, we reverse the trial court's decision and remand for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., Concurs in Judgment Only.
Kline, J., Concurs in Judgment and Opinion.