EVANICH et al., Appellees,

v.

BRIDGE et al., Appellants.

[Cite as *Evanich v. Bridge,* 170 Ohio App.3d 653, 2007-Ohio-1349.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008824.

Decided March 26, 2007.

654

Stephen G. Meckler, for appellants.

Frank D. Carlson, for appellees.

---

CARR, Judge.

{¶ 1} Appellants Steven and Margaret Bridge ("Bridge") have appealed from the decision of the Lorain County Court of Common Pleas, which concluded that appellees William and Roselyn Evanich ("Evanich") had gained title to a portion of their property by adverse possession. This court affirms.

I

{¶ 2} The instant matter presents a convoluted procedural history. On October 17, 2002, Evanich filed a complaint to quiet title in the Lorain County Court of Common Pleas. The complaint alleged that Evanich had gained title to a portion of Bridge's property by adverse possession. On July 27, 2004, a bench trial was held, and on September 14, 2004, the trial court issued its decision finding that Evanich had established the elements of adverse possession, and the court entered judgment accordingly.

{¶ 3} On September 17, 2004, Bridge appealed the judgment of the trial court. This court reversed and remanded the matter because it was not clear from the judgment entry "what evidentiary burden the trial court applied to the facts and evidence presented at trial and upon which it based its final decision." *Evanich v. Bridge ("Evanich I")*, 9th Dist. No. 04CA008566, 2005-Ohio-2140, 2005 WL 1026966, at ¶ 9.

{¶ 4} On remand, the trial court conducted an additional hearing, at which Evanich presented the testimony of Christopher Hirzel, a registered surveyor.

On September 30, 2005, the trial court determined that Evanich had established the elements of adverse possession by clear and convincing evidence.

{¶ 5} Bridge has timely appealed asserting three assignments of error.

## II

### ASSIGNMENT OF ERROR I

The trial court erred as a matter of law when it determined that the appellees had gained title by adverse possession to a portion of the appellants' land.

{¶ 6} Bridge has first argued that the trial court incorrectly determined that Evanich had established the elements of adverse possession. Specifically, Bridge has argued that the trial court failed to apply the necessary element of "intent to claim title" when determining that Evanich's possession of Bridge's property was adverse. This court disagrees with Bridge's contentions.

{¶ 7} When this court reviews a trial court's determination that the elements of adverse possession have been met, it " 'will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is based upon some competent, credible evidence that speaks to all of the material elements of the case.' " *Galehouse v. Geiser*, 9th Dist. No. 05CA0037, 2006-Ohio-766, 2006 WL 401276, at ¶ 10, quoting *Morris v. Andros*, 158 Ohio App.3d 396, 2004-Ohio-4446, 815 N.E.2d 1147, at ¶ 18. See, also, *Heiney v. Godwin*, 9th Dist. No. 22552, 2005-Ohio-5659, 2005 WL 2758487, at ¶ 13.

{¶ 8} "To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch* (1998), 81 Ohio St.3d 577, 579, 692 N.E.2d 1009. Adverse possession must be proven by clear and convincing evidence. Id. Clear and convincing evidence is that proof which establishes in the minds of the trier of fact a firm conviction as to the allegations sought to be proved. *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 120 N.E.2d 118.

{¶ 9} This court finds that the trial court's judgment was supported by competent and credible evidence speaking to all of the material elements of adverse possession. The record indicates that Evanich first made use of the disputed property in 1967. This use continued exclusively for 35 years until 2002, when Bridge conducted a survey and discovered the encroachment. Evanich's use was open and notorious, as "the use of the disputed property [was] without attempted concealment" and was "so patent that the true owner of the property could not be deceived as to the property's use." *Hindall v. Martinez* (1990), 69 Ohio App.3d 580, 583, 591 N.E.2d 308. See, also, *Hudkins v. Stratos*, 9th Dist.

No. 22188, 2005-Ohio-2155, 2005 WL 1026537, at ¶ 8, citing *Hindall*. It is clear from the record that Evanich did not conceal the use of the property, and the use was readily apparent to Bridge.

{¶ 10} Further, Evanich's use was adverse. Bridge has argued against this conclusion, but the arguments are unpersuasive. This court has held that "[a]dverse or hostile use is any use inconsistent with the rights of the title owner." *Vanasdal v. Brinker* (1985), 27 Ohio App.3d 298, 27 OBR 343, 500 N.E.2d 876, citing *Kimball v. Anderson* (1932), 125 Ohio St. 241, 181 N.E. 17. According to the record, Evanich erected a split-rail fence, installed raised planting beds composed of treated railroad ties, planted bushes, flowers, and at least one tree, installed large sandstone blocks, and eventually replaced the split-rail fencing with wrought iron fencing. Making significant aesthetic and structural improvements to the land was certainly inconsistent with Bridge's rights. Moreover, contrary to Bridge's assertions, the type of landscaping at issue in this matter is sufficient to satisfy the adversity requirement of adverse possession. That is, Evanich's use was "such use as would be made of that land by the owner." Id.

{¶ 11} While concededly there are cases supporting the contention that "minor landscaping" is insufficient to satisfy adverse use, the cases cited by Bridge generally involved activities such as mowing the lawn, pulling weeds, or minor landscaping, such as planting shrubs or flowers. However, in the present case, Evanich's use involved more than simply planting some flower beds or mowing the lawn. It entailed erecting fencing, installing treated railroad ties as flower beds, and imbedding large sandstone blocks in the ground.

{¶ 12} Bridge has also argued that Evanich did not have the necessary intent to claim title as required by *Grace*, 81 Ohio St.3d 577, 692 N.E.2d 1009. In support of his argument, Bridge has pointed to Evanich's testimony in which he explicitly stated that he never intended to encroach on Bridge's property. On appeal, Evanich has argued that he did not form the requisite intent because he was under the mistaken impression that the property belonged to him, not to Bridge. It is undisputed that both parties believed that the land in question belonged to Evanich.

{¶ 13} In making this argument, Bridge has essentially contended that the trial court failed to properly apply the law in the case, i.e., that the trial court failed to apply intent as a requisite element of adversity. This is a challenge to the trial court's legal conclusions and accordingly, this court will review it de novo. *N. Ridgeville v. Hummel*, 9th Dist. No. 04CA008513, 2005-Ohio-595, 2005 WL 356791, at ¶ 16. While *Grace* does appear to require a form of specific intent with regard to adverse use, it is important to note that *Grace* did not deal with a case of mutual mistake, as presented in the matter before this court. Furthermore, in

the cases from this appellate district in which *Grace's* intent requirement was used, neither involved mutual mistake. See *Morris,* 158 Ohio App.3d 396, 2004-Ohio-4446, 815 N.E.2d 1147; *Bohaty v. Centerpointe Plaza Assoc. Ltd. Partnership* (Feb. 20, 2002), 9th Dist. No. 3143–M, 2002 WL 242113.

■ {¶ 14} This court has previously held that the doctrine of adverse possession protects the adverse possessor in the case of mutual mistake. See *Vanasdal,* 27 Ohio App.3d at 299, 27 OBR 343, 500 N.E.2d 876. "The doctrine of adverse possession protects one who has honestly entered and held possession in the belief that the land was his own, as well as one who knowingly appropriates the land of others *for the purpose of acquiring title.*" (Emphasis added). Id. This view has been espoused by numerous districts, even in the wake of *Grace.* See, e.g., *Patton v. Ditmyer,* 4th Dist. Nos. 05CA12, 05CA21, 05CA22, 2006-Ohio-7107, 2006 WL 3896780, at ¶ 48; *Franck v. Young's Suburban Estates,* Inc., 6th Dist. No. OT–02–040, 2004-Ohio-1650, 2004 WL 628979, at ¶ 19; *Beener v. Spahr* (Dec. 15, 2000), 2d Dist. No. 2000–CA–40, 2000 WL 1840066.

{¶ 15} As *Grace* did not deal with a case of mutual mistake, this court cannot say that its holding abrogated the longstanding principle that adverse possession protects an adverse possessor who in good faith believes that he is utilizing his own property. Accordingly, this court finds that Evanich used the disputed property exclusively, openly, notoriously, continuously, and adversely for a period of 21 years. Therefore, Evanich satisfied all of the elements of adverse possession by clear and convincing evidence, and the trial court did not err in granting judgment to Evanich.

{¶ 16} Bridge's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

The trial court erred as a matter of law when it exceeded the scope of the appellate court's mandate on remand.

■ {¶ 17} In the second assignment of error, Bridge has argued that the trial court exceeded this court's mandate on remand by conducting a hearing at which it took evidence from a new surveyor hired by Evanich and accepted into evidence a new survey map of the encroachment.

■ {¶ 18} It is well established that " '[a] trial court must follow the mandate of the appellate court.' " *State v. Pendergrass,* 9th Dist. No. 04CA008437, 2004-Ohio-5688, 2004 WL 2390092, at ¶ 9, quoting *Pingue v. Hyslop,* 10th Dist. No. 01AP–1000, 2002-Ohio-2879, 2002 WL 1222616, ¶ 22. This court has held:

When this Court, as is its customary practice, remands a case for further proceedings, this does not necessarily mean that we order some sort of hearing

to be held upon remand. Rather, this language simply designates that the case is to return to the trial court to "take further action in accordance with applicable law."

Id. at ¶ 10, quoting *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324, 328, 515 N.E.2d 992.

{¶ 19} Further, an appellate court may or may not specify the nature of the further proceedings, and in fact, should not do so if the trial court has the discretion as to the nature of the remand proceedings. Id., citing *State v. Chinn* (Aug. 21, 1998), 2d Dist. No. 16764, 2000 WL 1458784 (Grady, J., concurring in part and dissenting in part).

{¶ 20} In *Evanich I,* this court determined that the trial court's judgment entry granting adverse possession to Evanich failed to adequately describe the property and remanded for proceedings consistent with the opinion. This court did not specify the nature of the proceedings.

{¶ 21} Bridge has argued that a hearing was unnecessary under *Pendergrass.* However, this court notes that *Pendergrass* states that a remand for further proceedings "does not necessarily mean" that a hearing need be held. However, *Pendergrass* does not preclude the trial court from conducting a hearing in the absence of specific instructions from the appellate court.

{¶ 22} Bridge has also argued that this court cited *Oeltjen v. Akron Associated Invest. Co.* (1958), 106 Ohio App. 128, 6 O.O.2d 399, 153 N.E.2d 715, for an appropriate way to correct the error on remand. This argument misconstrues our mandate. This court cited *Oeltjen* for the proposition that a legal description of the encroachment should be incorporated into the trial court's judgment entry quieting title to the adverse possessor. In fact, in *Oeltjen,* this court simply directed counsel for the adverse possessor to procure a survey to be incorporated into the judgment entry. In the instant matter, the record indicates that Evanich did just that: procured a survey to be incorporated into the record.

{¶ 23} Ultimately, this court did not direct the trial court to incorporate a specific survey, nor did it direct the trial court to simply incorporate a survey without holding a hearing. Under our mandate in *Evanich I,* the trial court was given the discretion to proceed in accordance with our opinion and the applicable law. This court cannot find that the trial court abused its discretion by allowing a new survey of the encroachment to be presented on remand. Further, this court cannot say that the trial court abused its discretion by allowing the surveyor to testify as to the survey where Bridge had ample opportunity to cross-examine.

{¶ 24} Bridge's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

The trial court erred as a matter of law in not determining that public policy interests precluded application of the adverse possession doctrine to statutorily platted residential subdivisions.

{¶ 25} In the third assignment of error, Bridge has argued that the trial court erred in not determining that public policy considerations precluded application of the adverse-possession doctrine to statutorily platted residential subdivisions. This court finds that Bridge's argument is barred by the doctrine of res judicata.

{¶ 26} Under the doctrine of res judicata, any " 'issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *In re S.J.*, 9th Dist. No. 23199, 2006-Ohio-6381, 2006 WL 3498599, at ¶ 14, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 16. See, also, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, at syllabus. Moreover, " '[w]here an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand.' " *In re S.J.*, 2006-Ohio-6381, 2006 WL 3498599, at ¶ 14, quoting *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143, 652 N.E.2d 710. See, also, *State v. Gillard* (1997), 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (on appeal after remand, "new issues" are barred by the doctrine of res judicata). "Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action." *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, at ¶ 5.

{¶ 27} In the case sub judice, Bridge could have raised the argument proposed in this assignment of error on the initial appeal, but did not. Bridge has argued in the current appeal that this public policy argument was presented at trial and that the trial court erred in dismissing it. Yet Bridge chose not to raise the public policy issue on the initial appeal. Therefore, Bridge is barred from raising this argument on appeal, after remand, by the doctrine of res judicata.

{¶ 28} Bridge's third assignment of error is overruled.

### III

{¶ 29} Bridge's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

Moore, J., concurs.

Slaby, P.J., dissents.

Slaby, Presiding Judge, dissenting.

{¶ 30} I respectfully dissent from the majority because I would find that the adversity element for adverse possession requires a specific intent to use another's property as one's own and adverse to the true owner's rights.

{¶ 31} Initially, I would address the issue of the applicable standard of review. Normally, when this court reviews a trial court's determination that the elements of adverse possession have been met, it "will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is based upon some competent, credible evidence that speaks to all of the material elements of the case." *Galehouse v. Geiser,* 9th Dist. No. 05CA0037, 2006-Ohio-766, 2006 WL 401276, at ¶ 10, quoting *Morris v. Andros,* 158 Ohio App.3d 396, 2004-Ohio-4446, 815 N.E.2d 1147, at ¶ 18. See, also, *Heiney v. Godwin,* 9th Dist. No. 22552, 2005-Ohio-5659, 2005 WL 2758487, at ¶ 13. However, when an appellant challenges a trial court's legal conclusions, this court affords them no deference and reviews them de novo. *Morris* at ¶ 18.

{¶ 32} Specifically, Bridge has made the argument that intent to claim title is an essential element of adversity pursuant to *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, and that the trial court erred as a matter of law when it found that Evanich adversely used his property despite evidence that Evanich had absolutely no intent to claim title to the disputed tract. Essentially, Bridge's argument is that the trial court failed to correctly apply the law, to wit, the intent test for adversity; and such an argument clearly falls within the realm of a legal challenge. Accordingly, I would apply the de novo standard of review. *Morris,* 158 Ohio App.3d 396, 2004-Ohio-4446, 815 N.E.2d 1147, at ¶ 18.

{¶ 33} "To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace,* 81 Ohio St.3d at 579, 692 N.E.2d 1009. In *Grace,* the Supreme Court added that for possession to be adverse " 'there must have been an intention on the part of the person in possession to *claim title, so manifested* by his declarations or his acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim.' " (Emphasis sic.) *Grace,* 81 Ohio St.3d at 581, 692 N.E.2d 1009, quoting *Lane v. Kennedy* (1861), 13 Ohio St. 42, 47.

{¶ 34} Adverse possession is a disfavored doctrine in Ohio. See *Grace,* 81 Ohio St.3d at 580, 692 N.E.2d 1009; *Morris,* 158 Ohio App.3d 396, 2004-Ohio-4446, 815 N.E.2d 1147, at ¶ 12. As such, the doctrine's elements are stringent. Id.

Therefore, I would opt to interpret *Grace's* intent requirement strictly and conclude that in order for possession to be adverse, the party in possession must have the knowing intent to use another's property as his own, adverse to the true owner's rights. Anything short of such intent is insufficient to establish the adversity required to justify "a legal title holder forfeiting ownership to an adverse holder without compensation." Id., citing *Grace,* 81 Ohio St.3d at 580, 692 N.E.2d 1009.

{¶ 35} The record in the present matter indicates a lack of any intent at all on the part of Evanich. In his deposition, Evanich testified that he erected the planter and planted the foliage on what he believed was his own property. Additionally, Evanich testified that he actively attempted to remain on his own lot by running a string from an iron survey pin to what he thought was another lot survey marker. Further, Evanich testified that had he known he was utilizing his neighbor's property, he would not have proceeded without asking permission. Finally, Evanich testified that he would not have intentionally crossed a property line to place the plantings. At the trial, Evanich confirmed his deposition testimony, stating that he never would have planted on the property if he had known it did not belong to him.

{¶ 36} As the majority points out, this case presents a case of mutual mistake. That is, each party believed that the disputed property was owned by Evanich. I am also aware of the litany of cases affording the protection of the adverse possession doctrine to "one who has honestly entered and held possession in the belief that the land was his own." *Vanasdal v. Brinker* (1985), 27 Ohio App.3d 298, 299, 27 OBR 343, 500 N.E.2d 876. However, "there are no equities in favor of a person seeking to acquire property of another by adverse holding." See *Grace,* 81 Ohio St.3d at 580, 692 N.E.2d 1009, citing 10 Thompson on Real Property (Thomas Ed.1994) 108, Section 87.05. I see no reason why in the case of mutual mistake, this court should put the rights of the adverse possessor ahead of those of the true owner.

{¶ 37} Based on the foregoing, I would hold that the trial court erred as a matter of law in that it failed to consider the impact of Evanich's lack of intent on the adversity of the use. This failure is evinced by the fact that the trial court found that Evanich adversely used Bridge's property despite undisputed evidence that he did not intend to do so but only sought to beautify what he thought was his own property. Accordingly, I would reverse the lower court's judgment, and therefore, I respectfully dissent.